## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

ALLISON KANE, for herself  
and all others similarly situated,

        Plaintiff,

v.

GEICO CASUALTY COMPANY,  
        Defendant,

Civil Action No.

**CLASS-ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff, Allison Kane ("Plaintiff"), individually and for all others similarly situated ("the putative class members"), files this Class Action Complaint against GEICO Casualty Company ("GEICO") and in support states:

### NATURE OF THE ACTION

1.    This is a class action lawsuit by Plaintiff Allison Kane who was a named insured under at least one GEICO automobile policy ("Policy"). *See, e.g.,* **Exhibit 1 – Declarations Page**; **Exhibit 2 – Policy**.

2.    GEICO uses a standard practice of obtaining information from third-party sources to find licensed or permitted drivers to add them for an additional premium to insureds' GEICO policies even when the added drivers are strangers to the insureds.

3.    This lawsuit seeks recovery for all victims of GEICO's unsavory practices.

4.    This lawsuit is brought by Plaintiff individually and for all other similarly situated insureds who have suffered increases to their policy premiums due to GEICO adding unrequested individuals to their policies.

## JURISDICTION AND VENUE

5.    Minimal diversity exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(a)-(b), and 1453. Plaintiff and many proposed class members are citizens of the State of Florida. Further, GEICO is a corporation headquartered in Maryland which, at all relevant times, engaged in marketing, selling, and servicing insurance policies in the State of Florida.

6.    Venue is proper in this Court because named Plaintiff resides in Florida and a material amount of the acts and conduct complained of herein was directed towards Plaintiff and other class members in Florida; Plaintiff and many putative class members were injured in Florida.

## THE PARTIES

7.    At all times material hereto, Plaintiff is and was a citizen of the State of Florida.

8.    At all times material hereto, GEICO is and was a Nebraska corporation with its principal office located at 5260 Western Avenue, Chevy Chase, Maryland 20815-3701. GEICO is authorized to write, and actively writes, private-passenger automobile insurance in Florida and elsewhere, using centralized policy forms and systems.

## FACTUAL ALLEGATIONS

2

9.     Plaintiff is a named insured under the Policy.

10.     Plaintiff's late husband, Richard Kane, is a named insured under the Policy.

11.     The Policy was in effect at all relevant times.

12.     On February 21, 2024, GEICO e-mailed the policyholders speculating "Carter K Riddle ***may*** be a licensed or permitted driver with your address listed as their primary address."

13.     GEICO did no more work to vet Riddle. Instead, it added Riddle—a stranger—to the Policy because no one called GEICO within 15 days of February 21, 2024.

14.     The policyholders did not (and do not) know any individual named Carter Kenneth Riddle, and no one by that name resides with the policyholders.

15.     This correspondence told the policyholders that Mr. Riddle would be added to the Policy automatically within fifteen days if no action was taken.

16.     Although GEICO revealed that it relied on "information obtained from a consumer reporting agency," GEICO did not provide the underlying data, did not identify the consumer reporting agency used, and did not disclose the basis for the apparent address match. GEICO did not explain how it concluded these individuals were associated with Plaintiff's household, nor did it disclose the reliability, limitations, or known inaccuracy rates of the data it relied on.

17.     On March 7, 2024, GEICO told the policyholders that Mr. Riddle was added to the Policy as a covered driver "per your request" despite policyholders never requesting the driver be added.

18.     This resulted in an increase to the Policy premium, which was paid at a wrongly inflated amount.

19.     On or about December 2024, GEICO told policyholders that an additional individual, Angelina Marchand, was added to the Policy as a covered driver.

20.     Policyholders did not (and do not) know any individual named Angelina Marchand, and no one by that name resides with policyholders.

21.     Upon information and belief, GEICO conducted no investigation to determine whether the individuals it added resided in Plaintiff's household or had any connection to the insured vehicles.

22.     Upon information and belief, GEICO's process for disputing these additions was not as simple as the notice implied. GEICO routinely refused to remove individuals based on the insured's truthful statement that the person had no connection to the household or vehicles and/or was insured elsewhere. GEICO instead required documentation or third-party verification—requirements not disclosed in the notice, not required by the Policy, and often difficult or impossible for insureds to obtain—making it difficult or impossible for insureds to disprove GEICO's unverified assumptions.

23.    Upon information and belief, GEICO did not verify residency, did not contact the individuals, and did not compare its data to any other source.

24.    Upon information and belief, although GEICO disclosed that it used information from a consumer reporting agency, GEICO relied exclusively on unverified third-party commercial address-matching databases and performed no independent verification of any kind. The underlying information was not given to insureds and could not be accessed, reviewed, or meaningfully challenged.

25.    Nothing in the Policy authorizes GEICO to add drivers based only on unverified address-matching information from a third-party source or to treat an insured's silence as consent. The Policy is silent on any "15-day email warning" procedure, and no such mechanism appears anywhere in the contract. Where the Policy speaks, it contradicts GEICO's conduct: the "Persons Insured" clause limits coverage to individuals using the vehicle with the insured's express or implied permission, which excludes strangers whose residency was never verified.

26.    GEICO's invocation of the Policy's "duty to cooperate" does not permit the presumption that unverified data is correct. The duty to cooperate requires mutual communication, not unilateral acceptance of fabricated information. The Policy provides no consequence—let alone permission for premium increases or driver additions—based on an alleged failure to cooperate.

27.     The Policy specifies mailed notice sent through the U.S. Postal Service for adverse actions, including cancellation or non-renewal, and requires 45 days' advance notice. GEICO circumvented this safeguard by issuing only a 15-day email notice—a process that appears nowhere in the Policy and contradicts its express mailing requirements.

28.     General insurance law, including Florida's, requires insurers to base premiums on accurate and verified information and prohibits charging for risks that do not actually exist. By adding unrequested drivers as "rated drivers," GEICO charged Plaintiff premiums for nonexistent risks and for people who posed no underwriting exposure under the Policy.

29.     Upon information and belief, GEICO did not confirm whether the identified individuals had any connection to Plaintiff's household or vehicles, whether they were insured elsewhere, or whether they posed any actual underwriting risk. GEICO increased premiums based only on the unverified assumption that these individuals resided in Plaintiff's home, without investigating or trying to determine whether that assumption was correct.

30.     GEICO issued Plaintiff and the putative class members substantially similar insurance policies.

31.     The Form Policy issued by GEICO to Plaintiff and all putative class members are virtually identical in all material aspects. The terms in the Policy are

applicable and like the terms applicable to Plaintiff and all putative class members.

32.    Like Plaintiff, the putative class members were insureds on a GEICO automobile insurance policy and had unrequested drivers added to their policies without GEICO confirming—or even conducting a reasonable investigation—that the people added to the policies actually lived at the insureds' addresses.

33.    Plaintiff and the putative class members were improperly charged more than they owed due to GEICO's addition of unrequested drivers to their insurance policies.

34.    Class members continued to make payments on their policies despite being charged an improperly inflated amount.

35.    Upon information and belief, GEICO has retained the full payment amounts.

36.    Because Florida and all other states require continuous auto insurance coverage, Plaintiff and the putative class members had no practical choice but to pay the inflated premium to avoid suspension of their driver's license and vehicle registration and substantial reinstatement fees. These payments were not voluntary in any meaningful legal sense.

37.    GEICO used a substantially same automated negative-option process for all class members, relying on substantially same third-party data, substantially same unverified matching logic, and substantially undisclosed documentation requirements

when insureds tried to dispute the additions.

## CLASS ALLEGATIONS

38.    Plaintiff sues individually and as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of these classes:

### *Nationwide Class*

All insureds in the United States to whom GEICO sent a document stating it would add a driver based on information obtained from a third-party source and who paid an increased premium after the driver was added by GEICO with no action taken by the insured.

### *Florida Class*

All insureds to whom GEICO sent a document stating it would add a driver based on information obtained from a third-party source showing a Florida address and who paid an increased premium after the driver was added by GEICO with no action taken by the insured.

39.    Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claim class wide using the same evidence used to prove those elements in individual actions alleging the same claims.

40.    This action has been brought and may be properly maintained for each of the proposed Classes under Federal Rules of Civil Procedure 23.

### *Numerosity*

41.    Federal Rule of Civil Procedure 23(a)(1): The members of each of the Classes are so numerous their individual joinder is impracticable. Plaintiff is informed and believe there are hundreds, and likely thousands, of members of the Classes based on the size of the market for automobile insurance and Defendant's share of that market, but the precise number of Class members is unknown to Plaintiff.

### Commonality and Predominance

42.    Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3): This action involves common questions of law and fact, which predominate over questions affecting individual Class members, including, without limitation:

    a.  Whether GEICO engaged in the conduct alleged;

    b.  Whether GEICO's conduct violates the Policy;

    c.  Whether GEICO's conduct violates consumer protection statutes and other laws as asserted herein;

    d.  Whether GEICO breached its duty of good faith and fair dealing;

    e.  Whether Plaintiff and other Class members have the right to equitable relief; and

    f.  Whether Plaintiff and other Class members are entitled to damages and other monetary relief and, if so, in what amount.

### Typicality

43.    Federal Rule of Civil Procedure 23(a)(3): Plaintiff's claims are typical of the other Class member's claims because, among other things, all Class members were

comparably injured through GEICO's wrongful conduct, and their claims are all based on this conduct.

### Adequacy

44.     Federal Rule of Civil Procedure 23(a)(4): Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the other members of the Classes Plaintiff seeks to represent; Plaintiff has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The Classes' interests will be fairly and adequately by Plaintiff and counsel.

### Superiority

45.     Federal Rule of Civil Procedure 23(b)(3): A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against GEICO, so it would be impracticable for Nationwide and Florida Class members to individually seek redress for GEICO's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the

court system. By contract, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

<u>**COUNT I**</u>
**Breach of Contract**
**(On Behalf of Plaintiff and the Classes)**

46.     Plaintiff repeats and realleges all preceding paragraphs herein.

47.     Plaintiff and the Classes purchased insurance from GEICO.

48.     GEICO promised to provide coverage to Plaintiff and the Classes.

49.     Nothing in Plaintiff and the Classes' insurance policy authorizes GEICO to unilaterally add individuals—particularly strangers—to insureds' policies based only on unverified third-party data, nor does the Policy authorize GEICO to treat silence or non-response as acceptance of new drivers, new risks, or increased premiums. The Policy expressly limits insureds to people using the vehicle with the insured's "express or implied permission," which excludes strangers that GEICO never verified. *See* Exhibit 2.

50.     GEICO further breached the Policy by imposing undocumented verification requirements not in the Policy and refused to remove added individuals unless insureds provided evidence that was not "simple" to obtain.

51.     GEICO breached the contract by wrongfully adding unrequested drivers to Plaintiff's and the Classes' insurance policies.

52.    Because of GEICO wrongfully adding unrequested drivers to Plaintiff's and the Classes' insurance policies, Plaintiff and the Classes' premiums increased.

53.    Plaintiff and the Classes were damaged by paying more than what they owed under their policies.

54.    Plaintiff and the Classes never agreed—expressly or impliedly—to insure unknown individuals, never consented to expand the insured household, and accepted no alteration to the rated drivers on the Policy. GEICO's conduct materially breached the contract by imposing obligations and financial charges not found anywhere in the Policy.

## COUNT II
### Breach of the Covenant of Good Faith and Fair Dealing
### (On Behalf of Plaintiff and the Classes)

55.    Plaintiff repeats and realleges all preceding paragraphs herein.

56.    Implicit in the dealings, agreements, and understandings between Plaintiff, the Classes, and GEICO is a covenant of good faith and fair dealing.

57.    GEICO breached the implied covenant of good faith and fair dealing between the parties by wrongfully adding unrequested drivers to Plaintiff and the Classes' insurance policies, which increased Plaintiff and the Classes' premiums.

58.    GEICO's manipulation of its "premium adjustment" provision frustrated the common purpose of the Policy, which is to ensure premiums reflect actual, verified changes in risk. Instead of verifying changes, GEICO used opaque algorithms and

unverified consumer-reporting data to fabricate risk and shift the burden of disproving that false information onto Plaintiff within an undisclosed 15-day email window. Such conduct exceeds any discretion GEICO had under the Policy and is a deliberate attempt to profit from misinformation.

59.     Said breaches by GEICO were not prompted by honest mistakes, bad judgment, or negligence, but rather by conscious and deliberate acts which unfairly frustrate the agreed common purpose and disappoint the reasonable expectations of Plaintiff and the Classes that no unrequested drivers would be added to their insurance policies.

60.     GEICO's breach has wrongfully increased Plaintiff and the Classes insurance premiums.

61.     GEICO knowingly failed to resolve or rectify the above breaches, which could be accomplished only by GEICO.

62.     GEICO acted in a way to promote its own self-interest in the form of increased premiums in lieu of its duty to act in good faith.

63.     At all times material, there existed an implied agreement between the parties that GEICO would act in an appropriate and commercially reasonable manner and to act in good faith and fair dealing in the performance of the contract.

64.     Plaintiff and the Classes have been damaged by the breach of GEICO's covenant of good faith and fair dealing by wrongfully increasing Plaintiff and the

Classes' insurance premiums, thus causing significant damage to Plaintiff and the Classes.

### COUNT III
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Classes)**

65.    Plaintiff repeats and realleges all preceding paragraphs herein.

66.    Plaintiff and the Classes bring a common law claim of unjust enrichment against GEICO for the disgorgement of monies paid to provide insurance coverage to unrequested drivers added to their policies.

67.    GEICO inappropriately added individuals to Plaintiff and the Classes' policies that should not have been added.

68.    Even if the Policy governs aspects of the parties' relationship, GEICO's conduct fell outside the four corners of the contract. Nowhere does the Policy authorize GEICO to fabricate driver relationships, adjust premiums based on unverified data, or penalize insureds for failing to respond to an unexpected email. Because GEICO's enrichment was obtained outside the scope of the Policy, restitution is appropriate.

69.    Because of GEICO wrongfully adding unrequested drivers to Plaintiff's and the Classes' insurance policies, Plaintiff and the Classes' premiums increased.

70.    GEICO was unjustly enriched by receiving these increased premiums from Plaintiff and the Classes.

71.     Plaintiff and the Classes are entitled to restitution of the amount of the increased premium paid to or retained by GEICO, as GEICO has no right to keep these ill-gotten gains.

72.     In equity and in good conscious, GEICO is required to provide Plaintiff and the Classes restitution of the increased premium collected and/or retained by GEICO.

## COUNT IV
### Violation of Florida's Deceptive & Unfair Trade Practices Act
### (On Behalf of Plaintiff and the Florida Class)

73.     Plaintiff repeats and realleges all preceding paragraphs herein.

74.     Plaintiff brings this Count individually and for the Florida Class.

75.     Plaintiff and the Florida Class members are "consumers" within the meaning of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.203(7).

76.     GEICO engaged in "trade or commerce" within the meaning of FLA. STAT. § 501.203(8).

77.     The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.204(1).

78.     In the course of business, GEICO would identify drivers who purportedly had the same address as the insured.

79. GEICO only provided Plaintiff and the Class fifteen days' notice by email before wrongfully adding unrequested drivers to Plaintiff's and the Class's insurance policies.

80. GEICO's actions increased Plaintiff and the Class's premiums and caused them to pay more than what was owed under the policies.

81. GEICO's practices were unfair to Plaintiff and the Florida Class.

82. GEICO's conduct was deceptive because the notice led consumers to believe that GEICO had reliable information indicating that the added individuals "may be" associated with their household, when GEICO had conducted no verification. Although GEICO disclosed that it relied on information from a consumer reporting agency, GEICO failed to disclose the underlying data, the basis for the apparent match, the reliability of the information, or that GEICO had conducted no investigation. GEICO also failed to disclose that insureds would be required to provide documentation or third-party verification to dispute GEICO's assumptions, making the 15-day dispute procedure illusory.

83. The injury was not reasonably avoidable. Insureds had no ability to access or review the underlying consumer-reporting data, no way to understand why GEICO believed the individuals were associated with their household, and no meaningful ability to correct GEICO's false assumptions. GEICO's undisclosed requirement that insureds provide external documentation—despite the insured having no relationship with the

added drivers and/or the added drivers having insurance elsewhere—made it functionally impossible to avoid financial harm.

84.    GEICO's 15-day negative-option procedure is inherently unfair because it shifts the burden of disproving unverified data onto consumers, penalizes insureds for failing to respond to an unexpected email, and increases premiums without verifying that the added individuals live in the household, use the vehicles, or pose any actual risk.

85.    As a direct and proximate result of GEICO's violations of the FDUTPA, Plaintiff and the Florida Class have suffered injury-in-fact and actual damages.

86.    Plaintiff and Florida Class members are entitled to recover their actual damages under FLA. STAT. § 501.211(2) and attorneys' fees under FLA. STAT. § 501.2105(1).

87.    Plaintiff also seeks an order enjoining GEICO's unfair and/or deceptive acts or practices, punitive damages, and attorneys' fees, and any other just and proper relief available under the FDUTPA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff and members of the Classes demand a jury trial on all claims so triable and judgment:

a)  determine this action may be maintained as a class action under Federal Rule of Civil Procedure 23, certify the proposed Classes for class treatment, appoint Plaintiff as class representative for the Classes, and appoint undersigned counsel as Class Counsel;

b)  enter an order finding that GEICO's actions described herein constitute breaches of the express terms of its insurance policies, as well as its duty of good faith and fair dealing;

c)  award Plaintiff and members of the Class actual damages;

d)  award pre-judgment and post-judgment interest at the maximum rate permitted by applicable law;

e)  award reasonable attorney's fees and litigation costs and expenses under applicable law; and

f)  grant such other legal and equitable relief as the Court may consider appropriate, including specific performance as an alternative to damages.

**DAPEER LAW, P.A.**

By: */s/ Rachel Dapeer*
    Rachel Dapeer, Esq.
    ***Lead Counsel for Plaintiff***

Florida Bar No. 108039
520 South Dixie Hwy, # 240
Hallandale Beach, FL 30090
Telephone: 786-963-5165
Email: rachel@dapeer.com