UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLISON KANE,

    Plaintiff,

v.                                                Case No: 6:26-cv-225-JSS-NWH

GEICO CASUALTY COMPANY,

    Defendant.
_____/

## ORDER

On January 28, 2026, Plaintiff, Allison Kane, initiated this action by filing a complaint against Defendant, Geico Casualty Company, on behalf of herself and "all others similarly situated." (Dkt. 1.) According to the complaint, Defendant breached the parties' agreement and the covenant of good faith and fair dealing when it added additional insureds to her policy without her consent in violation of Florida law. (*See id.* ¶¶ 32–47, 55–66.) As a result, Plaintiff alleges that Defendant was unjustly enriched through increased premium payments. (*See id.* ¶¶ 32–47.) Yet Plaintiff is already pursuing these claims in another action. *See Kane v. Geico Cas. Co.*, No. 6:25-cv-532-JSS-LHP (M.D. Fla.); *see* Fed. R. Evid. 201 (allowing courts to take judicial notice of facts that are beyond reasonable controversy, such as the existence of other civil actions).

"[I]t is well settled that a plaintiff may not file duplicative complaints in order to expand [her] legal rights." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th

Cir. 2017) (citation and internal quotation marks omitted). To prohibit the waste of judicial resources and promote the efficient disposition of cases, "[t]he rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit." *Id.* To determine whether a plaintiff has engaged in improper claim-splitting, the court considers whether the cases involve the same parties and whether they "arise from the same transaction or series of transactions." *Id.* at 840–42; *see Rumbough v. Comenity Cap. Bank*, 748 F. App'x 253, 255 (11th Cir. 2018) (explaining that the claim-splitting doctrine applies where "a plaintiff maintain[s] two separate causes of action involving the same subject matter, at the same time, in the same court, against the same defendant."). "Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." *Vanover*, 857 F.3d at 842.

The concurrent actions at issue here arise from the same operative facts and allege the same misconduct. In each case, Plaintiff alleges that she obtained motor vehicle insurance from Defendant, and that Defendant added two insureds—Carter K. Riddle and Angelina Marchand—to her policy, without her consent, because it failed to properly investigate whether they lived at Plaintiff's address. (*Compare* Case No. 6:25-cv-532-JSS-LHP, Dkt. 44-1 ¶¶ 1, 11–21 *with* Case No. 6:26-cv-225-JSS-NWH, Dkt. 1 ¶¶ 8, 12–24, 32.) Each complaint alleges the same causes of action and attempts to assert claims on behalf of the same class of similarly situated individuals. (*Compare* Case No. 6:25-cv-532-JSS-LHP, Dkt. 44-1 ¶¶ 21–23, 25–66 *with* Case No. 6:26-cv-225-JSS-NWH, Dkt. 1 ¶¶ 32–34, 38–87). Therefore, presuming Plaintiff

intended to initiate another lawsuit, she has engaged in improper claim-splitting. Because the earlier action involves the same issues that are presented here, this case must be dismissed.

Accordingly:

1. This case is **DISMISSED** without prejudice.

2. Plaintiff may pursue the claims in the earlier case (Case No. 6:25-cv-532-JSS-LHP).

3. The Clerk is directed to **CLOSE** this case and **TERMINATE** any pending motions.

**ORDERED** in Orlando, Florida, on March 2, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party